**THE JACOB D. FUCHSBERG L**

3 PARK AVENUE, SUITE
NEW YORK, NEW YORK
TEL: (212) 869-3500
FAX: (212) 398-1532
www.fuchsberg.com

Jaehyun Oh, Esq., Partner

Defendants are directed to respond to Plaintiff's pre-motion letter (Doc. 105) by March 20, 2026. Non-party New York State Commission of Correction shall, if it is so advised, respond by March 20, 2026 as well.

Plaintiff is directed to serve a copy of this order on the non-party New York State Commission of Correction.

SO ORDERED.

Philip M. Halpern
United States District Judge

Dated:  White Plains, New York
         March 16, 2026

**VIA CM/ECF**
Hon. Philip M. Halpern
United States District Court Judge
Southern District of New York
Courtroom 520
300 Quarropas St.
White Plains, NY 10601-4150

Re:    Layla Capaci v. Cyrel Dasraj, et al. SDNY Civil No.: 7:24-cv-4626 (PMH)

Dear Judge Halpern:

I represent Plaintiff Layla Capaci, as the administrator of the estate of decedent Niki Capaci (hereinafter "Ms. Capaci") and on behalf of all distributees, in the above referenced matter. Plaintiff alleges that Defendants withheld care and treatment from Ms. Capaci during her pre-trial detention in Orange County Correctional Facility (hereinafter "OCCF"), causing her untimely death at 40 years of age.

On December 24, 2025, after notifying Defendants of her intent to serve subpoenas pursuant to Fed. R. Civ. P. 45(a)(4), Plaintiff served a subpoena duces tecum on a non-party, New York State Commission of Correction (hereinafter "NYSCOC"), which is an agency responsible for investigating the deaths of individuals detained or incarcerated in New York State facilities. See Exhibit 1. On December 26, 2025, NYSCOC responded to the subpoena. See Exhibit 2. However, this response was materially deficient as NYSCOC refused to provide several categories of responsive documents, including the unredacted Final Commissioner's Report, witness

1

interviews, and other records that it failed to identify by name but stated that it was withholding under a claim of confidentiality under New York Mental Hygiene Law §33.13(c)(1).

In compliance with Fed. R. Civ. P. 37(a)(1), I attempted to meet and confer with NYSCOC by sending a deficiency letter on January 21, 2026, which explained the inapplicability of Mental Hygiene Law §33.13(c)(1) to the issue at hand. See Exhibit 3. NYSCOC replied on February 11, 2026, stating that its position has not changed. See Exhibit 4. I have made additional attempts to meet and confer, including by email correspondence to NYSCOC on March 9, 2026, to no avail; and Defendants' discovery exchanges to date do not include the materials referenced by NYSCOC.

While NYSCOC objected to providing certain materials, it has not filed a motion to quash the subpoena, which is required to relieve it of its obligation to comply with a subpoena. "Absent an improperly issued subpoena or an adequate excuse by the non-party, failure to comply with a subpoena made under Rule 45 may be deemed a contempt of the court from which the subpoena issued." Beruashvili v. Hobart Corp., No. 05-cv-1646 (ENV) (MDG), 2006 WL 2289199, at *1 (E.D.N.Y. Aug. 8, 2006). Under Rule 45(a)(3), an attorney "may issue and sign a subpoena if the attorney is authorized to practice in the issuing court." Rule 45 also permits the serving party to "[a]t any time, … move the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i). Accordingly, in accordance with Your Honor's Individual Practices 2(C), Plaintiff respectfully requests a conference in anticipation of filing a motion to compel NYSCOC to provide the withheld materials.

A party may subpoena discovery from a non-party under Rule 45 so long as it is relevant and material to its claims. See DoorDash, Inc. v. City of New York, 754 F. Supp. 3d 556, 564 (S.D.N.Y. 2024). The relevance for subpoena is construed broadly as it is governed by the same standard as Rule 26(b)(1), which states that "[p]arties may obtain discovery regarding any

nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1); see also Citizens Union of City of New York v. Att'y Gen. of New York, 269 F. Supp. 3d 124 (S.D.N.Y. 2017); Daval Steel Prods. v. M/V Fakredine, 951 F.2d 1357, 1367 (2d Cir. 1991) (permitting discovery "if there is any possibility that the information sought to be obtained may be relevant to the subject matter of the action").

The materials withheld by NYSCOC are directly relevant to the prosecution of the instant case as it involves information about Ms. Capaci's death. For example, NYSCOC is refusing to produce its final report in the investigation of Ms. Capaci's death, which would contain highly relevant information about the death, the individuals involved, and their observations. Plaintiff is entitled to these materials to ensure fair and just litigation of this matter.

Once the serving party has shown that the materials sought in the subpoena are relevant, the party opposing the subpoena must come forth and demonstrate that the subpoena is over-broad, duplicative, or unduly burdensome before it may avoid compliance. See Fireman's Fund Ins. Co. v. Great Am. Ins. Co. of N.Y., 284 F.R.D. 132, 135 (S.D.N.Y. 2012). NYSCOC is unable to meet this burden, especially as it has never sought to move this Court for a protective order. See United States ex rel. Ortiz v. Mount Sinai Hosp., 169 F. Supp. 3d 538, 544 (S.D.N.Y. 2016) ("where, as here, the objecting party has not made (much less won) a motion to quash or for a protective order, the subpoena, if otherwise enforceable, remains so, and the non-party ignores its dictates at some peril, including a risk of contempt pursuant to Fed. R. Civ. P. 45(g)." A motion to quash must have been filed by the return date of the subpoena, which was January 6, 2026. See In re DMCA Section 512(h) Subpoena to YouTube (Google, Inc.), 581 F. Supp. 3d 509, 516 (S.D.N.Y. 2022).

The sole basis of NYSCOC's objection to Plaintiff's subpoena (i.e., Exhibit 2) was Mental Hygiene Law § 33.13(c)(1). NYSCOC did not—and cannot—make an objection based on the

3

breadth and scope of the Plaintiff's subpoena; indeed, NYSCOC's letter (i.e., Exhibit 2) indicates that it is already in possession of the withheld materials and is able to release them without undue burden. NYSCOC stated that it would "have no further objection to disclosure" once there is a finding that Mental Hygiene Law Article 33 does not prohibit disclosure of the withheld materials.

NYSCOC misapplies Mental Hygiene Law. That law does not govern circumstances like this, where the Plaintiff seeks Plaintiff-decedent's own records. As an initial matter, Mental Hygiene Law is intended to protect psychiatric records of mentally disabled individuals. See Midgett v. Beth Israel Med. Ctr., 916 N.Y.S.2d 888, 894 (N.Y. Cty. Sup. Ct. 2010); see also Office of Mental Retardation and Developmental Disabilities v. Mastracci, 77 A.D.2d 473, 475 (4th Dep't 1980). Specifically, the safeguard of Article 33 is invoked in cases where privileged information of non-parties with mental disability is the subject of a subpoena including, for example, a facility-wide subpoena concerning all its patients. See Mastracci, 77 A.D.2d at 475. There is no allegation here that Ms. Capaci was mentally disabled; and any concern regarding Ms. Capaci's privacy is dispelled by the fact that it is Ms. Capaci's own estate seeking the relevant production.

Even if Mental Hygiene Law applies to the materials at issue, Mental Hygiene Law § 33.13(c) specifically authorizes disclosure in circumstances relevant herein, without need for a court order. The text of Mental Hygiene Law § 33.13(c)(7) permits records to be released to a person "who have a demonstrable need for such information and who have obtained … the consent of the patient or client or of someone authorized to act on the patient's or client's behalf." In addition, Mental Hygiene Law § 33.13(c)(11) permits release of records to a "qualified person," which includes persons allowed to act on behalf of the patient. Plaintiff in the instant case, as a duly appointed administrator of the estate of Ms. Capaci, is authorized by law to act on her behalf. *In camera* review of records under Mental Hygiene Law § 33.13 is only appropriate where the

4

person identified in the records sought has **not** consented to such disclosures. See Sohan v. Long

Is. Coll. Hosp., 282 A.D.2d 597, 598 (2d Dep't 2001); Mastracci, 77 A.D.2d at 475. Indeed, it is

not even clear what NYSCOC would ask the Court to assess in said *in camera* review.

This is not the first time NYSCOC has attempted to use Mental Hygiene Law Article 33

as a shield to avoid compliance with a subpoena, albeit unsuccessfully. In Wyatt v. Kozlowski,

another §1983 lawsuit involving a wrongful death, the court granted plaintiff's motion to compel

an unredacted copy of NYSCOC's final report. See Wyatt v. Kozlowski, No. 19-cv-159 (EAW)

(LGF), at ECF 52 (W.D.N.Y. Aug. 22, 2019). The court in that case did not approve NYSCOC's

request for *in camera* review under Mental Hygiene Law § 33.13(c)(1), which is the same request

that NYSCOC makes here. Id.

Given NYSCOC's knowing refusal to comply with the subpoena, Plaintiff respectfully

requests a pre-motion conference or permission to file a motion to compel the withheld materials

from NYSCOC, with any penalties deemed appropriate by the Court to be imposed upon NYSCOC

under Rule 45. The outstanding discovery is relevant to Plaintiff's case and there is no legal

justification to withhold it, as Plaintiff is directly authorized to obtain the materials under the very

statute that NYSCOC cites. I thank Your Honor for your consideration of this submission.

Respectfully Submitted,

*/s/ Jaehyun Oh*
Jaehyun Oh
The Jacob D. Fuchsberg Law Firm, LLP
*Counsel for Plaintiff*
3 Park Avenue, 37th Floor
New York, New York 10016
(212) 869-3500, ext. 245

cc (via ECF): All Counsel

5