UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LAYLA CAPACI, as Administrator of the
Estate of Niki Capaci, Deceased, and on behalf
of All Distributees and Next-of-Kin including
LAYLA CAPACI, Individually,

                      Plaintiff,

       -against-

CYREL DASRAJ, et al.,

                 Defendants.

**ORDER**

24-CV-04626 (PMH)

PHILIP M. HALPERN, United States District Judge:

Plaintiff Layla Capaci, on March 13, 2026, filed a letter-motion seeking "a pre-motion conference or permission to file a motion to compel" the production of documents withheld by non-party New York State Commission of Correction ("NYSCOC"). (Doc. 105). Pursuant to the Court's order (Doc. 106), Defendants filed a response to Plaintiff's pre-motion letter. (Doc. 107). Defendants object to the release of all documents other than the unredacted NYSCOC Final Report concerning Niki Capaci's death. (*Id.*). The Court also received a response from NYSCOC. NYSCOC has no objection to producing the requested documents to Plaintiff provided that the Court makes a finding, pursuant to N.Y. Mental Hygiene Law § 33.13(c)(1), "that the interests of justice significantly outweigh the need for confidentiality." For the reasons set forth below, the Court waives any pre-motion conference requirement and grants Plaintiff's letter-motion to compel. (Doc. 105).

Plaintiff, the administrator of Niki Capaci's estate, asserts in the Amended Complaint that Defendants "failed to provide adequate medical care for Ms. Capaci" and did not provide "appropriate medical intervention and supervision to identify, treat, and mitigate her condition." (Doc. 61 ¶¶ 2, 4). Plaintiff argues that the requested materials are "directly relevant to the

prosecution of the instant case as it involves information about Ms. Capaci's death." (Doc. 105). Indeed, the Court, having conducted an *in camera* review of the requested documents, finds that such records are relevant and proportional to Plaintiff's needs in this case. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ."). The Court also finds, pursuant to N.Y. Mental Hygiene Law § 33.13(c)(1), that the interests of justice significantly outweigh the need for confidentiality in the documents at issue. *See Tartaglia v. Paul Revere Life Ins. Co.*, 948 F. Supp. 325, 330 (S.D.N.Y. 1996) (finding that "the interests of justice significantly outweigh[ed] the need for confidentiality" in patient records held by a non-party where the party seeking production had a "serious need for access to the documents").

Accordingly, the Court grants Plaintiff's motion to compel. (Doc. 105). The New York State Commission of Corrections is ordered to produce the withheld documents to Plaintiff. Plaintiff is directed to serve a copy of this order on the non-party New York State Commission of Correction.

The Clerk of Court is respectfully requested to terminate the letter-motion pending at Doc. 105.

**SO ORDERED.**

Dated:    White Plains, New York
          March 24, 2026

PHILIP M. HALPERN
United States District Judge

2